UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT GILMORE,

      Plaintiff,                        Civil Action No. 2:11-14902

v.                                       HONORABLE VICTORIA A. ROBERTS
                                            UNITED STATES DISTRICT JUDGE

OAKLAND COUNTY
JAIL MEDICAL UNIT, et. al.,

      Defendants,
_____/

### OPINION AND ORDER RESCINDING THE ORDER OF REFERENCE AND SUMMARILY DISMISSING THE COMPLAINT

### I. INTRODUCTION

On November 7, 2011, Plaintiff filed this complaint, initially assigned to Judge Bernard A. Friedman but reassigned to this Court. On December 1, 2011, this Court signed an order referring all pretrial matters to Magistrate Judge Paul J. Komives.

This is a *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983. Plaintiff has been released from prison and lives in Pontiac, Michigan, although he was confined at the Oakland County Jail in Pontiac, Michigan when he filed the complaint. The Court rescinds the order of reference and summarily dismisses the complaint; it is duplicative of a previously filed civil rights complaint.

### II. STANDARD OF REVIEW

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege or immunity secured by the Federal Constitution or

1

laws of the United States, and (2) the deprivation was caused by a person acting under color of state law.  Absent either element, a section 1983 claim will not lie. *Hakken v. Washtenaw County*, 901 F. Supp. 1245, 1249 (E.D. Mich. 1995).  A *pro se* civil rights complaint is to be construed liberally. *Middleton v. McGinnis,* 860 F. Supp. 391, 392 (E.D. Mich. 1994).  Pursuant to 28 U.S.C. 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

### III.  DISCUSSION

Plaintiff claims that on August 25, 2011, he was injured while working as a trustee at the Oakland County Jail.  Plaintiff was taken to Doctor's Hospital in Pontiac, Michigan, where X-rays were done.  Physicians at the hospital informed the Oakland County Jail Medical Unit that Plaintiff would need to be brought back to the hospital for a follow-up examination, but it failed to comply.  Plaintiff alleges that he suffers from pain in his shoulder, back, and neck, but that no further medical treatment has taken place. Plaintiff further complains that Defendants unlawfully deducted $ 22.00 from his inmate account to reimburse the jail for medical expenses.  Plaintiff filed a grievance against the Jail Medical Unit for failing to give him any medical attention for his injury.  On September 23, 2011, Plaintiff was seen by a doctor, who informed him that the earlier X-

rays showed damage to Plaintiff's C-4 and C-5 discs. The Oakland County Jail Medical Unit cleared Plaintiff to have an extra mattress and blanket to keep his head elevated, in order to remove pressure from his neck and shoulder. On October 4, 2011, an MRI was performed on Plaintiff which confirmed the earlier diagnosis that Plaintiff had damage to the discs in his upper and lower back. The Oakland County Jail Medical Unit told Plaintiff that nothing could be done for his injuries while he was incarcerated because the two neurosurgeons in Oakland County would not treat inmates at the Oakland County Jail. The jail told Plaintiff it would increase his pain medication, but that he would have to get treatment when he was released.

On September 26, 2011, Plaintiff felt a sharp pain on his shoulder and neck when Supervisor Caswell awakened him by snatching a blanket from under his head; Caswell told Plaintiff that he was not entitled to two blankets. When Plaintiff informed Caswell that he had medical clearance for the extra blanket, he was placed on 24 hour lockdown. Later that evening Deputy Wagner returned the extra blanket to Plaintiff after confirming medical clearance for it.

On October 12, 2011, Plaintiff claims that Supervisor Caswell called him out of his cell and told him that the courts faxed some papers for him to sign. Caswell asked Plaintiff to sign off on some pending grievances but he did not give Plaintiff the documents needed to correct a filing fee deficiency in a prior civil rights complaint that Plaintiff filed with this Court.

Plaintiff alleges that Defendants conspired to deny him medical treatment and

access to the courts, and engaged in retaliatory actions against him for seeking medical treatment.

An identical lawsuit filed by Plaintiff is pending in this Court. *See Gilmore v. Oakland County Jail Medical Dept.,* U.S.D.C. No. 2:11-14008 (E.D. Mich.)(Roberts, J.).[1]

Because of this duplication, this case may be dismissed under the *in forma pauperis* statute as frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B).   Because this Court finds that this case should be summarily dismissed with prejudice as being duplicative, the Court will disregard Plaintiff's defective application to proceed *in forma pauperis. See Armstrong v. Runnels,* No. 2007 WL 419465, * 1 (E.D.Cal. February 5, 2007).   *See also English v. Runda*, 875 F.2d 863 (Table); No. 1989 WL 51408, * 1 (6th Cir. May 18, 1989).

## V.   CONCLUSION

The complaint is DISMISSED WITH PREJUDICE; it is duplicative of Plaintiff's previously filed lawsuit.

The Order of Reference [Dkt. # 4] is **RESCINDED.**

**IT IS ORDERED**.

---

[1] This Court obtained this information from the docket sheet for the United States District Court for the Eastern District of Michigan.  Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).  A district court is permitted to take judicial notice of its own files and records in a prisoner civil rights case. *See e.g. Mangiafico v. Blumenthal,* 358 F. Supp. 2d 6, 9-10 (D. Conn. 2005).

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 20, 2013

> The undersigned certifies that a copy of this document was served on the attorneys of record and Vincent Gilmore by electronic means or U.S. Mail on March 20, 2013.
>
> S/Linda Vertriest
> Deputy Clerk